WILLIAM T. DAVIS *vs.* JOSEPH R. HIGGINS, *Ex.*

DECEMBER 11, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J.   This is an appeal from a decree of the probate court of the city of Cranston, granting a petition of the executor of the last will and testament of Eva E. Higgins, deceased, to file out of time a statement of disallowance of a claim filed by William T. Davis against the estate of said deceased under the provisions of general laws 1923, chapter 365, sec. 6.

This appeal was duly prosecuted to the superior court by said claimant and was heard by a justice of that court sitting with a jury.   At the conclusion of the evidence, said executor, the appellee here, moved for a directed verdict in his favor, which was granted by the trial justice.   The claimant, the appellant here, excepted to this ruling, which exception, together with four other exceptions taken during the trial, form the basis of the appellant's bill of exceptions in this court.

Before considering these exceptions we shall first consider briefly two contentions of the appellee substantially to the effect that the superior court is without jurisdiction in this case.

The appellee contends that no appeal lies to the superior court from a decree of the probate court on a petition brought under the provisions of G. L. 1923, chap. 365, sec. 6, for the reason that under said section, the decision on such a petition rests in the discretion of the probate judge. This contention is clearly without merit. The probate court, it is true, exercises a discretion in granting or refusing to grant requests under said sec. 6, but it is a judicial discretion and, as was said in *Tillinghast* v. *Iverson*, 50 R. I. 23, at page 25: "The discretion thus given is not without limitation. The requirement of notice and a hearing implies that there must be some reason for the exercise of discretion." See also *Emsley* v. *Young*, 19 R. I. 65 and *McKenzie & Shea* v. *Rhode Island Hospital Trust Co.*, 45 R. I. 407.

But the appellee further contends that this procedure, followed and approved in *Tillinghast* v. *Iverson, supra,* is now nullified by the rule of this court adopted on February 19, 1934, pertaining to appeals under the second proviso of sec. 3 of said chapter. This contention rests upon an unwarranted extension of that rule which expressly refers only to appeals from orders or decrees of the probate court granted on petition under the second proviso of sec. 3. It cannot be extended by implication to refer to any other part of that section, or to any other section. That there may be the same reason for the promulgation of such a rule to govern procedure on appeals from orders and decrees granting relief under sec. 6 is immaterial. Until this court expressly broadens said rule, it cannot be construed to include this latter section.

In *Smith* v. *Haskell Mfg. Co.*, 28 R. I. 91, 93, it was said of another rule, then under consideration: "Upon the adoption of the rule so authorized, the same became a part of the law of the State, and governs the subject-matter to which

it relates, and cannot be ignored. As it is of statutory origin, it can be changed, modified, or repealed only in the manner provided by statute." For a like reason, if the rule now under consideration is to be extended to relate to something not expressed in it, it must be formally amended to effect that end rather than be construed in its existing form impliedly to do so.

The appellant's first exception is to a ruling of the trial justice requiring him to put in his case before the appellee who was the moving party in the probate court. This ruling was erroneous. An appeal from an order or decree of a probate court to the superior court removes the cause to the latter court for trial upon all questions of law and fact. The moving party in the probate court continues to be the moving party in the trial of such an appeal in the superior court. See Rule 14, Superior Court Rules. On an appeal of this kind, the superior court is not a court for the review of alleged errors of law committed by the court below as by writ of error at common law, but a court of retrial of the whole cause. Consequently, our practice in the trial of probate appeals in the superior court is, in most cases, essentially *de novo. Viall* v. *McPhail,* 34 R. I. 361, 370, 372.

In the instant case, then, it was clearly the duty of the appellee, who was the petitioner in the probate court, to present evidence in support of his petition, first on the trial of this appeal in the superior court, but whether or not failure to observe such procedure has resulted in prejudice to the appellant, warranting a new trial, is the vital question to be considered. Both parties moved for directed verdicts, thus indicating that they considered the evidence in the case raised a question of law for the decision of the court.

We have carefully examined the transcript and are of the opinion that, notwithstanding the improper procedure which was followed at the trial, the appellant fully presented his case and did not suffer any real prejudice as a result of the erroneous ruling of the trial justice. Giving the evidence every reasonable intendment in the appellant's

favor on appellee's motion for a directed verdict, we are further of the opinion that the trial justice did not err in granting said motion, and that he likewise did not err in denying appellant's motion for a directed verdict. The appellant's exceptions to said rulings are therefore overruled.

All of the appellant's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*Leo M. Goldberg, Philip B. Goldberg,* for appellant.
*Edward M. Sullivan,* for appellee.